UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

ECF Case

HUGHES CONTRACTING INDUSTRIES, INC.,

Civil Action No. 08 CIV 10075 (LBS)

Plaintiff,

-against-

RELIANCE CONSTRUCTION OF CANADA
a/k/a Construction Reliance du Canada ltee;
RELIANCE CONSTRUCTION, LTD d/b/a
RCG GROUP, also known as RCG
CONSTRUCTION GROUP; and
STEVEN KAPLAN,

Defendants.
---

# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
# DISMISSING PLAINTIFF'S COMPLAINT

GREENBERG, TRAGER & HERBST, LLP
Attorneys for Defendants
767 Third Avenue, 12th Floor
New York, New York 10036
212-688-1900

## TABLE OF CONTENTS

TABLE OF AUTHORITES..................................................................................1

PRELIMINARY STATEMENT.............................................................................2

STATEMENT OF FACTS...................................................................................2

LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT............................3

POINT I

SINCE PLAINTIFF HUGHES CONTRACTING AND DEFENDANT RCG
WERE BOTH CITIZENS OF THE STATE OF NEW YORK AT THE TIME
HUGHES CONTRACTING COMMENCED THIS ACTION, THIS COURT
LACKS SUBJECT MATTER JURISDICTION AND THE CASE MUST
BE DISMISSED..................................................................................................3

CONCLUSION....................................................................................................6

# TABLE OF AUTHORITES

Bryant v. Maffucci,
923 F.2d 979 (2d Cir. 1991)..................................................................3

Freeport-McMoran, Inc. v. K. N. Energy, Inc.,
 498 U.S. 426, 111 S. Ct. 858 (1991)....................................................4

Hudson Pak Establishment v. Shelter for the Homeless, Inc.,
224 Fed. Appx. 26 (2d Cir. 2007)..........................................................4

Murphy v. Captial One Bank,
2008 U.S. Dist. LEXIS 97368 (E.D.N.Y. 2008).....................................5

Nachbauer v. Weiss,
19 Fed. Appx. 24 (2d Cir. 2001)............................................................5

Schiavone Construction Co. v. City of New York,
99 F. 3d 546 (2d Cir. 1996)...................................................................5

Shuldiner v. Doe,
2006 U.S. Dist. LEXIS 73367 (E.D.N.Y. 2006).....................................5

The Chase Manhattan Bank, N.A. v. Aldridge,
906 F. Supp. 870 (S.D.N.Y. 1995).......................................................3

The Travelers Insurance Company v. Broadway West Street Associates,
1994 U.S. Dist. LEXIS 5828 (S.D.N.Y. 1994).......................................3

Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.,
166 F.3d 59 (2d Cir. 1999)....................................................................4

STATUTES

28 U.S.C. § 1332................................................................................3, 4, 5, 6

1

## PRELIMINARY STATEMENT

This memorandum of law is submitted by defendant Reliance Construction Ltd. d/b/a RCG Group Ltd. ("RCG") in support of RCG's motion, pursuant to Rules 56 and 12(h)(3) of the Federal Rules of Civil Procedure, for summary judgment and an order dismissing the complaint against RCG on the ground that the Court lacks subject matter jurisdiction over this action, i.e., there is no diversity of citizenship between plaintiff and defendant RCG since both parties are citizens of the State of New York.

## STATEMENT OF FACTS

The Court is respectfully referred to the affidavit of Paul A. Steenson, the former Chief Operating Officer of RCG, for a full statement of the facts and circumstances applicable to the present motion. For the convenience of the Court, a summary follows.

On November 19, 2008, plaintiff Hughes Contracting Industries, Inc. ("Hughes Contracting") commenced the present action by the filing of the summons and complaint against the defendants.

The complaint states that Hughes Contracting is "a New York Corporation with headquarters at 112-09 14th Avenue, College Point, New York 11356". The complaint alleges that RCG is a foreign corporation doing business in the State of New York, with its principal place of business located at Morris Corporate Center One, 300 Interspace Parkway, Parsippany, New Jersey 07054.

Contrary to the allegations of Hughes Contracting, at the time Hughes Contracting commenced this action (November 19, 2008), RCG's principal place of business was located at 145 Palisade Street, Dobbs Ferry, New York 10522 (see affidavit of Paul A. Steenson, submitted in support of the motion). Thus, at the time this

action was commenced, both Hughes Contracting and defendant RCG were citizens of the State of New York.

## LEGAL STANDARD ON MOTION FOR SUMMARY JUDGMENT

The legal standard on a motion for summary judgment is set forth in Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991):

> Summary judgment is appropriately granted when there is no genuine issue as to any material fact and when, based upon facts not in dispute, the moving party is entitled to judgment as a matter of law...Once the movant has established a *prima facie* case demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a "metaphysical doubt" concerning the facts [citation omitted] or on the basis of conjecture or surmise.

## POINT I

### SINCE PLAINTIFF HUGHES CONTRACTING AND DEFENDANT RCG WERE BOTH CITIZENS OF THE STATE OF NEW YORK AT THE TIME HUGHES CONTRACTING COMMENCED THIS ACTION, THIS COURT LACKS SUBJECT MATTER JURISDICTION AND THE CASE MUST BE DISMISSED

Hughes Contracting's complaint alleges that this Court has jurisdiction over this case for the following reason:

> This Court's jurisdiction is based in 28 USC 1332, to wit, the plaintiff and the defendants are citizens and reside or maintain offices in different states.

"The party asserting diversity of citizenship as a basis for subject matter jurisdiction bears the burden of proof on that issue." The Travelers Insurance Company v. Broadway West Street Associates, 1994 U.S. Dist. LEXIS 5828, 15 (S.D.N.Y. 1994). "Thus, once a court's diversity jurisdiction is placed in issue, the burden of proving diverse citizenship falls upon the party invoking federal jurisdiction." Id.; see also The Chase Manhattan Bank, N.A. v. Aldridge, 906 F. Supp. 870, 872 (S.D.N.Y. 1995) ("As

3

the party asserting that this Court has subject matter jurisdiction over this case, [plaintiff] bears the burden of proving that the matter is properly in federal court").

Thus, in this case and on this motion, it is Hughes Contracting who has the burden of establishing diversity of citizenship and the subject matter jurisdiction of this Court.

The pertinent provisions of 28 U.S.C. § 1332 state as follows:

**§ 1332. Diversity of citizenship; amount in controversy; costs**

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between --

(1) citizens of different States;

\*\*\*

(c) For purposes of this section and section 1441 of this title --

(1) <u>a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business</u>… (Emphasis provided)

It is a "well established rule that diversity of citizenship is assessed at the time the action is filed". <u>Freeport-McMoran, Inc. v. K. N. Energy, Inc.</u>, 498 U.S. 426, 428, 111 S. Ct. 858, 860 (1991). In <u>Wolde-Meskel v. Vocational Instruction Project Community Services, Inc.</u>, 166 F.3d 59, 62 (2d Cir. 1999), the Second Circuit stated as follows:

> Satisfaction of the § 1332(a) diversity requirements (amount in controversy and citizenship) is determined as of the date that the suit is filed -- the "time-of-filing" rule.

<u>See</u> also <u>Hudson Pak Establishment v. Shelter for the Homeless, Inc.</u>, 224 Fed. Appx. 26, 29 (2d Cir. 2007).

At the time the present action was filed (November 19, 2008), (a) plaintiff Hughes Contracting was a citizen of the State of New York based on the fact that Hughes

4

Contracting is incorporated under the laws of the State of New York and maintained its principal place of business in New York (see Hughes Contracting's complaint, Exhibit A to the moving papers, paragraph 1) and (b) defendant RCG was a citizen of the State of New York based on the fact that RCG had its principal place of business located in New York (see affidavit of Paul A. Steenson submitted in support). Thus, at the time this action was commenced, both plaintiff Hughes Contracting and defendant RCG were citizens of the State of New York.

"It is well settled that diversity of citizenship jurisdiction does not exist if any plaintiff is a citizen of the same state as any defendant." Schiavone Construction Co. v. City of New York, 99 F. 3d 546, 547 (2d Cir. 1996); see also Nachbauer v. Weiss, 19 Fed. Appx. 24, 25-26 (2d Cir. 2001).

"When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Murphy v. Captial One Bank, 2008 U.S. Dist. LEXIS 97368, 2 (E.D.N.Y. 2008).

In Shuldiner v. Doe, 2006 U.S. Dist. LEXIS 73367 (E.D.N.Y. 2006), the plaintiff, a citizen of New York [just like Hughes Contracting], commenced the action alleging diversity jurisdiction under 28 U.S.C. § 1332. The Court noted that diversity jurisdiction requires that the plaintiff and defendants be completely diverse with regard to citizenship. The Court found that one of the defendants was a Delaware corporation with its principal place of business located in New York [just like RCG]. The Court held that under these circumstances there was no diversity of citizenship between plaintiff and defendants and dismissed the action for lack of subject matter jurisdiction.

In the present case, plaintiff Hughes Contracting is a citizen of the State of New York and defendant RCG is a citizen of the State of New York. There is no diversity of citizenship pursuant to 28 U.S.C. § 1332. Thus, the Court should dismiss Hughes Contracting's complaint in its entirety.

## CONCLUSION

For the reasons and based on the authorities set forth above, this Court should grant defendants motion and should issue an order dismissing plaintiff Hughes Contracting's complaint in its entirety on the ground that this Court lacks subject matter jurisdiction over this action.

Dated: New York, New York
      April 20, 2009

                              GREENBERG, TRAGER & HERBST, LLP
                              Attorneys for Defendants

By: _____
      Richard J. Lambert, Esq. (RL 7471)
      767 Third Avenue, 12th Floor
      New York, New York 10017
      212-688-1900