UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUGHES CONTRACTING INDUSTRIES, INC.,

                Plaintiff,

  -against-

RELIANCE CONSTRUCTION OF CANADA
a/k/a Construction Reliance du Canada ltee;
RELIANCE CONSTRUCTION, LTD d/b/a
RCG GROUP, also known as RCG
CONSTRUCTION GROUP; and
STEVEN KAPLAN,

                Defendants.

---

ECF Case

Civil Action No. 08 CIV 10075 (LBS)

**REPLY AFFIDAVIT OF RICHARD J. LAMBERT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK  )
                         ) ss:
COUNTY OF NEW YORK)

    RICHARD J. LAMBERT, being duly sworn, deposes and says:

    1. I am the attorney for defendants in the above-referenced action. I have personal knowledge of the procedural facts of this action. Any other factual information provided in this affidavit is based on, and explicitly references, the affidavit of Paul A. Steenson ("Steenson affidavit"), and the exhibits annexed thereto, which was previously filed in support of the present motion, and the Declaration of Bryan Kaplan submitted herewith.

    2. I submit this reply affidavit in response to the affidavit of S. Mac Gutman, Esq. ("Gutman affidavit"), the attorney for plaintiff, submitted in opposition to the present

motion, and in further support of defendants' motion, pursuant to Rule 12(h)(3) and Rule 56 of the Federal Rules of Civil Procedure, for summary judgment and an Order dismissing this action against defendants on the ground that the Court lacks subject matter jurisdiction over this case, i.e., complete diversity of citizenship between plaintiff and defendants does not exist.

3. Initially, plaintiff has failed to submit a counter-statement of material facts pursuant to Local Rule 56.1. Pursuant to Local Rule 56.1, the factual statements contained in defendants' Local Rule 56.1 statement, which establish that this Court lacks subject matter jurisdiction over this case, are deemed to be true and uncontested.

4. The uncontested facts are that at the time this action was commenced (November 19, 2008), plaintiff Hughes Contracting Industries, Inc, was a citizen of the State of New York (place of incorporation and principal place of business) and defendant Reliance Construction Ltd. d/b/a RCG Group was a citizen of the State of New York (principal place of business) [see Steenson affidavit and plaintiff's complaint (annexed to the Steenson affidavit as Exhibit A)].

5. Notwithstanding plaintiff's failure to submit a Local Rule 56.1 Statement, the Gutman affidavit fails to provide any probative evidence to even raise a question of fact as to the Court's lack of subject matter jurisdiction.

6. Mr. Gutman in his affidavit fails to aver that he has any personal knowledge as to any facts relevant to the issue on the present motion, i.e., the principal place of business of defendant Reliance Construction Ltd. d/b/a RCG Group at the time this action was commenced (November 19, 2008).

7. Furthermore, none of the exhibits attached to Mr. Gutman's affidavit controvert the fact, as established in the Steenson affidavit, that at the time this action was commenced, the principal place of business of defendant Reliance Construction Ltd. d/b/a RCG Group was located in Dobbs Ferry, New York.

8. The Gutman affidavit is essentially a confusing morass of unsubstantiated allegations and misstatements. The exhibits annexed to the Gutman affidavit appear to be an attempt to confuse the Court and misdirect the Court's attention. In addition, as shown below in paragraph 12, Mr. Gutman misrepresents many of these exhibits.

9. Exhibit A to the Gutman affidavit is a Certificate of Assumed Name filed by Bryan Kaplan, the Assistant Secretary of defendant Reliance Construction Ltd., with the New York Department of State on January 27, 2009 (see affidavit of Bryan Kaplan, submitted herewith, which addresses the facts surrounding the filing of the Certificate of Assumed Name).

10. As stated in the Kaplan affidavit, Mr. Kaplan's Canadian business address was provided to the New York Department of State on January 27, 2009, because (a) Reliance Construction Ltd. d/b/a RCG Group had ceased doing business in December 2008, (b) Reliance Construction Ltd. was not receiving service of legal papers and (c) the Canadian address was the most convenient for the receipt of papers sent to Reliance Construction Ltd.

11. The filing of the Certificate of Assumed Name on January 27, 2009 and the establishment of a new mailing address for Reliance Construction Ltd. has no relevance to the location of Reliance Construction Ltd.'s principal place of business on November 19, 2008.

12. Furthermore, as stated above, the Gutman affidavit is replete with misstatements and misrepresentations with regard to the exhibits presented:

(a) On page 2 (paragraph 4), Mr. Gutman states that the Steenson affidavit uses the acronym "RCG" to refer to all defendants. That is untrue. See paragraph 1 of the Steenson affidavit wherein "RCG" is defined only as defendant Reliance Construction Ltd.

(b) Page 3 of the Gutman affidavit refers to (i) the construction project located at "301 East 51st Street" [it is actually 303-307 East 51st Street], (ii) fax communications which reference "RCG Group" (Mr. Gutman's Exhibit B), (iii) the "RCG Group" address at 972 2nd Avenue (New York, NY) contained in said Exhibit B and (iv) the fact that the fax communications originated from New Jersey.

These fax communications (which are dated from November 2007 to January 2008) originated from New Jersey because that is where Reliance Construction Ltd. d/b/a RCG Group had its offices at that time (see Steenson affidavit, paragraphs 15 and 16). Reliance Construction Ltd. was explicitly authorized by the State of New Jersey to conduct business under the name "RCG Group" (see Steenson affidavit, paragraph 11). The address "972 2nd Avenue" was RCG Group's "construction-site field office" for the East 51st Street construction project (see Steenson affidavit, paragraphs 15 and 16).

As stated in the Steenson affidavit (paragraph 17), Reliance Construction Ltd. d/b/a RCG Group moved its offices from New Jersey to Dobbs Ferry, New York, in May 2008 (months after the fax communications referenced in the Gutman affidavit). Mr. Gutman's statements and cited exhibits on page 3 of his affidavit have no relevance on this motion.

4

(c) On page 4 of the Gutman affidavit, Mr. Gutman refers to Exhibit E and alleges that in a "New York 1 story" concerning the crane collapse at the construction site that defendant Steven Kaplan made a certain "quote" concerning "Reliance". An examination of Mr. Gutman's Exhibit E, first page, bottom, clearly shows that the "quote" attributed to Mr. Kaplan by Mr. Gutman never occurred (it is a hearsay statement by the reporter). In any event, the "story" is totally irrelevant to the present motion.

(d) On pages 4 to 5 of the Gutman affidavit, Mr. Gutman states that plaintiff's complaint alleges that "RCG Group" was a trade name used by defendant Reliance Construction of Canada. Plaintiff's complaint makes no such allegation (see plaintiff's complaint, page 2, which is annexed to the Steenson affidavit as Exhibit A) and there is no evidence whatsoever corroborating this erroneous statement.

(e) At pages 5 to 6 of the Gutman affidavit (paragraph 20), Mr. Gutman refers to Exhibit G, which is an April 28, 2009 printout from www.relianceconstruction.com. Mr. Gutman misrepresents the printout by stating that "RCG GROUP appears to be a Canadian parent company" and that defendant Reliance Construction of Canada "appears" to be a subsidiary of "RCG GROUP". Contrary to the statements of Mr. Gutman, the first page of the printout lists, <u>inter alia</u>, two separate entities: (1) "Reliance Construction Group" with an office located in Montreal, Canada and (2) "RCG GROUP" with a post office box address in New Jersey. This post office box address is consistent with the Steenson affidavit (paragraphs 21 and 22), wherein Mr. Steenson avers that after defendant Reliance Construction Ltd. d/b/a RCG Group closed its Dobbs Ferry, New York office and ceased business operations in December 2008, a post office box was established in New Jersey for the receipt of mail.

(f) On page 7 of the Gutman affidavit (paragraphs 26 to 28), Mr. Gutman makes reference to two exhibits, which are copies of two summons and complaints filed on behalf of "Reliance Construction Ltd. d/b/a RCG Group" in the Supreme Court of the State of New York on May 2, 2008 and May 7, 2008, respectively, wherein the address of Reliance Construction Ltd. d/b/a RCG Group is stated to be in Parsippany, New Jersey. As stated in the Steenson affidavit, the closing of Reliance Construction Ltd.'s Parsippany, New Jersey office and the opening of the Dobbs Ferry, New York office occurred in "May 2008". These pleadings have no relevance to the present motion and do not controvert the fact that on November 19, 2008 (the date this action was filed) Reliance Construction Ltd. d/b/a RCG Group's offices were located in Dobbs Ferry, New York (see Steenson affidavit).

(g) On page 8 of the Gutman affidavit (paragraph 30), Mr. Gutman, referring to Exhibit N, states that on March 16, 2008, the State of New Jersey "suspended the privileges of an entity known as 'RCG GROUP, LTD.'" This statement of "suspended privileges" by Mr. Gutman is absolutely false. Mr. Gutman's Exhibit N is a copy of a "State of New Jersey Business Registration Certificate" for Reliance Construction Ltd. d/b/a RCG Group and a copy of my letter to Mr. Gutman, dated January 6, 2009, which explained the use of the "RCG Group" name for Reliance Construction Ltd. and the move of RCG Group's offices from New Jersey to New York in May 2008. There is no evidence of any "suspended privileges" in this exhibit.

(h) On page 8 of the Gutman affidavit (paragraphs 31 and 32), Mr. Gutman refers to Exhibit O, documents obtained by Mr. Gutman from the Delaware Bureau of Corporations. Mr. Gutman, at paragraph 32, makes the following misrepresentation:

6

> The Annual Franchise Tax Report filed by "RELIANCE CONSTRUCTION LTD.", dated February 13, 2007, list its Director as "STEPHEN KAPLAN", and the address of the Corporation is listed as: "3285 J.B. DESCHAMPS Lachine, Quebec, Canada, H8T 3E4.

In fact, the sixth page of Mr. Gutman's Exhibit O, which is a copy of Reliance Construction Ltd.'s State of Delaware Annual Franchise Report dated February 13, 2007, lists the "principal place of business" for Reliance Construction Ltd. as being in "New Jersey" and at the bottom of the page names Stephen Kaplan as an Officer/Director of the corporation and lists <u>Mr. Kaplan's address</u> as "3285 J.B. Deschamps Lachine H8T 3E4". The seventh page of Mr. Gutman's Exhibit O is a copy of Reliance Construction Ltd.'s State of Delaware Annual Franchise Tax Report dated January 25, 2008, and at the top of the page lists the "principal place of business" of Reliance Construction Ltd. as 300 Interpace Parkway, Parsippany, NJ 07054, which was the principal place of business of Reliance Construction Ltd. prior to May 2008 when the principal place of business of Reliance Construction Ltd. was moved from Parsippany, New Jersey to Dobbs Ferry, New York.

13. In sum, the Gutman affidavit is filled with misstatements and misrepresentations of exhibits, and provides absolutely no probative evidence to controvert the facts as set forth in the Steenson affidavit which establish that when plaintiff Hughes Contracting (a New York corporation) commenced the present action against defendant Reliance Construction Ltd. d/b/a RCG Group and others on November 19, 2008, defendant Reliance Construction Ltd.'s principal place of business was located at 145 Palisade Street, Dobbs Ferry, New York.

14. Wherefore, it is respectfully requested that this Court grant defendants' motion pursuant to Rules 56 and 12(h)(3) of the Federal Rules of Civil Procedure and that this Court issue an Order dismissing plaintiff's complaint against defendants for lack of subject matter jurisdiction.

_____
Richard J. Lambert

Sworn to before me this
19th day of May, 2009

_____
NOTARY PUBLIC

GREGORY M. HARRIS
Notary Public, State of New York
No. 01HA6006388
Qualified in Kings County
Commission Expires May 4, 20 12