UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HUGHES CONTRACTING INDUSTRIES, INC.,

    Plaintiff,

-against-

RELIANCE CONSTRUCTION OF CANADA
a/k/a Construction Reliance du Canada ltee;
RELIANCE CONSTRUCTION, LTD d/b/a
RCG GROUP, also known as RCG
CONSTRUCTION GROUP; and
STEVEN KAPLAN,

    Defendants.

---

ECF Case

Civil Action No. 08 CIV 10075 (LBS)

 

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S COMPLAINT**

 

GREENBERG, TRAGER & HERBST, LLP
Attorneys for Defendants
767 Third Avenue, 12th Floor
New York, New York 10036
212-688-1900

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted by defendants in support of their motion, pursuant to Rules 56 and 12(h)(3) of the Federal Rules of Civil Procedure, for summary judgment and an order dismissing plaintiff's complaint against defendants on the ground that the Court lacks subject matter jurisdiction over this action, i.e., there is no diversity of citizenship between plaintiff Hughes Contracting Industries, Inc. and defendant Reliance Construction Ltd. d/b/a RCG Group ("RCG"), since both parties were citizens of the State of New York at the time of filing of this action (see affidavit of Paul A. Steenson and defendants' memorandum of law previously submitted in support of the motion).

## PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 56.1

On this motion, defendants submitted a statement of material facts pursuant to Local Rule 56.1 which establish that this Court lacks subject matter jurisdiction over this case. Plaintiff failed to submit and file a counter-statement of material facts pursuant to Local Rule 56.1. Pursuant to Local Rule 56.1, the facts as stated in defendants' statement are admitted for purposes of this motion and thus, on that basis, defendants' motion should be granted and this action dismissed. See discussion on importance of Local Rule 56.1 Statements in Bishop v. Toys "R" US-NY, LLC, 2009 U.S. Dist. LEXIS 17377, 3-4 (S.D.N.Y. 2009). Plaintiff's failure to provide a Local Rule 56.1 Statement is evidence that plaintiff has no evidence to contravert the material facts presented in defendants' Local Rule 56.1 Statement.

## POINT I

## PLAINTIFF'S OPPOSITION PAPERS ARE INSUFFICIENT TO DEFEAT DEFENDANTS' MOTION

In <u>Linardos v. Fortuna</u>, 157 F.3d 945, 947 (2d Cir. 1998), the Second Circuit stated as follows:

> It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction...<u>That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with "competent proof" if a party opposing jurisdiction properly challenges those allegations</u>...or if the court *sua sponte* raises the question. (Emphasis provided).

See also Universal Licensing Corp. v. Paola Del Lungo S.P.A., 293 F.3d 579, 581 (2d Cir. 2002). In the complaint in the present action, plaintiff alleges federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a) and alleges that plaintiff is a New York corporation with a principal place of business in New York and, *inter alia*, that defendant Reliance Construction Ltd. d/b/a RCG Group is a Delaware Corporation with a principal place of business in Parsippany, New Jersey.

On the present motion, plaintiff Hughes Contracting has failed to present any "competent evidence" to establish that at the time this action was filed defendant Reliance Construction Ltd. had its principal place of business in Parsippany, New Jersey and has presented no evidence to contravert the Steenson affidavit which establishes that at the time this action was filed defendant Reliance Construction Ltd. had its principal place of business in Dobbs Ferry, New York.

It is a "well established rule that diversity of citizenship is assessed at the time the action is filed". <u>Freeport-McMoran, Inc. v. K. N. Energy, Inc.</u>, 498 U.S. 426, 428, 111 S. Ct. 858, 860 (1991); see also <u>Wolde-Meskel v. Vocational Instruction Project</u>

2

Community Services, Inc., 166 F.3d 59, 62 (2d Cir. 1999); Hudson Pak Establishment v. Shelter for the Homeless, Inc., 224 Fed. Appx. 26, 29 (2d Cir. 2007).

"It is well settled that diversity of citizenship jurisdiction does not exist if any plaintiff is a citizen of the same state as any defendant." Schiavone Construction Co. v. City of New York, 99 F. 3d 546, 547 (2d Cir. 1996); see also Nachbauer v. Weiss, 19 Fed. Appx. 24, 25-26 (2d Cir. 2001).

Defendants on the present motion have challenged plaintiff's claim to federal jurisdiction and have submitted competent evidence in the form of the Steenson affidavit, and the exhibits annexed thereto, which establish that at the time this action was filed (November 19, 2008), defendant Reliance Construction Ltd. d/b/a RCG Group's principal place of business was located in Dobbs Ferry, New York.

The only alleged "competent proof" submitted by plaintiff in opposition to defendants' motion, and in support of its jurisdictional allegations, is the affidavit of the attorney for plaintiff, S. Mac Gutman, Esq. ("Gutman affidavit"), which avers no personal knowledge of any facts relevant to the motion. See Goldberg v. Colonial Metal Spinning and Stamping Co., Inc., 1995 U.S. Dist. LEXIS 13206, 4 (S.D.N.Y. 1994) ("an attorney's affidavit that is not based upon personal knowledge or supported by admissible evidence is insufficient to defeat a summary judgment motion").

Furthermore, as detailed in the reply affidavit of Richard J. Lambert, the Gutman affidavit is replete with misstatements of alleged facts and misrepresentations of exhibits. The Gutman affidavit alleges facts and presents exhibits which pre-date Reliance Construction Ltd. d/b/a RCG Group's relocation of its offices from New Jersey to New York in May 2008 and alleges facts and presents exhibits which post-date the

3

filing of the present action.[1] However, the Gutman affidavit presents no "competent proof" to support its jurisdictional allegations as of the time of the filing of this action and presents no evidence to contravert the Steenson affidavit, which establishes that at the time of the filing of this action, Reliance Construction d/b/a RCG Group's principal place of business was located in Dobbs Ferry, New York.

In sum, at the time the present action was filed (November 19, 2008), (a) plaintiff Hughes Contracting was a citizen of the State of New York based on the fact that Hughes Contracting is incorporated under the laws of the State of New York and maintained its principal place of business in New York (see Hughes Contracting's complaint, Exhibit A to the moving papers, paragraph 1) and (b) defendant Reliance Construction Ltd. d/b/a RCG Group was a citizen of the State of New York based on the fact that RCG had its principal place of business located in New York (see Steenson affidavit). Thus, at the time this action was commenced, both plaintiff Hughes Contracting and defendant Reliance Construction Ltd. were citizens of the State of New York.

"When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." Murphy v. Captial One Bank, 2008 U.S. Dist. LEXIS 97368, 2 (E.D.N.Y. 2008). Since plaintiff Hughes Contracting and defendant Reliance Construction Ltd. d/b/a RCG Group were both citizens of the State of New York at the time this action was filed, this Court lacks subject matter jurisdiction over this action.

---

[1] It should be noted that, as a matter of law, the question of federal diversity jurisdiction is not affected by post-filing events that change the citizenship status of the parties. Wolde-Meskel, supra, 166 F.3d at 62; see also Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

4

## CONCLUSION

For the reasons and based on the authorities set forth above, this Court should grant defendants' motion and the Court should issue an order dismissing plaintiff Hughes Contracting's complaint in its entirety on the ground that this Court lacks subject matter jurisdiction over this action.

Dated: New York, New York
       May 19, 2009

GREENBERG, TRAGER & HERBST, LLP
Attorneys for Defendants

By: _/s/ Richard J. Lambert_
Richard J. Lambert, Esq. (RL 7471)
767 Third Avenue, 12th Floor
New York, New York 10017
212-688-1900
