```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X

HUGHES CONTRACTING                 :
INDUSTRIES, INC.,
                                   :
                Plaintiff,
                                   :
    -against-
                                   :   08 Civ. 10075 (LBS)(HBP)

RELIANCE CONSTRUCTION OF
CANADA a/k/a Construction          :   REPORT AND
Reliance du Canada ltee;               RECOMMENDATION
RELIANCE CONSTRUCTION LTD          :
d/b/a RCG GROUP, also known
as RCG CONSTRUCTION GROUP;         :
and STEVEN KAPLAN,
                                   :
                Defendants.
                                   :
---------------------------------X
```

PITMAN, United States Magistrate Judge:

TO THE HONORABLE LEONARD B. SAND, United States

District Judge,

I.   Introduction

By notice of motion dated April 20, 2009 (Docket Item

9), defendants move, pursuant to Federal Rules of Civil Procedure

56 and 12(h)(3), for summary judgment dismissing this action for

lack of subject matter jurisdiction.

For the reasons set forth below, I conclude that

defendants have established the absence of a genuine issue of

fact regarding the lack of complete diversity at the time the

action was commenced.  Accordingly, I respectfully recommend that

defendants' summary judgment motion be granted and the action be dismissed for lack of subject matter jurisdiction.

II.  Facts

Plaintiff, Hughes Contracting Industries Ltd., commenced this action against defendants Reliance Construction of Canada, also known as Construction Reliance du Canada ltee ("Reliance Construction of Canada"), Reliance Construction Ltd, doing business as RCG Group[1] and Steven Kaplan on November 19, 2008 (Complaint ("Compl.") at 1).  Plaintiff seeks to recover payment for materials and labor it alleges it provided to defendants (Compl. ¶¶ 8-21).  According to the complaint, plaintiff fabricated and provided defendants with structural steel parts to be incorporated into a residential apartment building defendants were constructing and performed labor for the defendants (Compl. ¶¶ 8-10).  Plaintiff alleges the agreed-on price for the parts and labor was $85,940.00 (Compl. ¶¶ 9, 13). It appears that the construction project was aborted on March 15, 2008 due to a crane accident at the site (Affidavit of S. Mac

---

[1] The name and, to some extent, the identity of the second defendant are the subject of dispute between the parties and their submissions use multiple abbreviations and forms of the name to refer to this company.  In an attempt to minimize confusion, I shall consistently refer to the second defendant as "Reliance Construction Ltd d/b/a RCG Group," unless quoting one of the parties or describing an exhibit which refers to the company by only one of those names or by some other variation on the name.

Gutman in Opposition to Motion for Summary Judgment, sworn to May
8, 2009 ("Gutman Aff.") ¶ 10; see Midtown East Crane Collapses
Kills 4, Injures Many, Others Missing, Gothamist.com, March 15,
2008, attached to Gutman Aff. as Ex. E).  Plaintiff alleges that
it performed the labor and supplied the materials requested by
defendants and that defendants have failed to pay it the
$85,940.00 despite repeated demands (Compl. ¶¶ 10-13).

        The complaint alleges that the Court has subject matter
jurisdiction based on diversity of citizenship (Compl. ¶ 6).
Defendants, in support of this motion, claim that complete
diversity is lacking because both plaintiff and defendant
Reliance Construction Ltd d/b/a RCG Group were citizens of New
York at the time the action was commenced (Defendants' Memorandum
of Law in Support of Motion for Summary Judgment Dismissing
Plaintiff's Complaint ("Defs.' Mem. in Support") at 2-3;
Affidavit of Paul A. Steenson in Support of Defendants' Motion
for Summary Judgment, sworn to April 15, 2009 ("Steenson Aff.")
¶ 9).

        It is undisputed that plaintiff is a New York citizen;
it is incorporated in New York and its principal place of
business is New York (see Compl. ¶ 1; Defs.' Mem. in Support at
4-5).  It is also undisputed that Reliance Construction of Canada
and Steven Kaplan are citizens of Canada and not of New York (see
Compl. ¶¶ 4-5).  Thus, the dispositive issue is whether Reliance

Construction Ltd d/b/a RCG Group was a citizen of New York when the action was commenced, on November 19, 2008.

Reliance Construction Ltd d/b/a RCG Group provides construction management and general contractor services for construction projects (Steenson Aff. ¶ 14). Although there is no dispute that Reliance Construction Ltd d/b/a RCG Group is incorporated in Delaware (see Compl. ¶ 2), the parties vigorously dispute the location of its principal place of business. The parties' submissions focus on the location of Reliance Construction Ltd d/b/a RCG Group's business office rather than the location of any other contacts or activities (see Compl. ¶¶ 2, 6; Answer ¶ 4; Defs.' Mem. in Support at 2; Steenson Aff. ¶¶ 8, 15-21, 23; Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Pl.'s Mem. in Opp.") at 11-13[2]; Reply Affidavit of Richard J. Lambert in Support of Defendants' Motion for Summary Judgment, sworn to May 19, 2009 ("Lambert Aff.") ¶ 13). As discussed below, because there is no evidence of contacts or activities apart from the company's business office and construction projects -- the only ones on which information is provided occurred in New York anyway (see Compl. ¶¶ 7-8; Steenson Aff. ¶¶ 15, 20; Gutman Aff. ¶ 8; Lambert Aff. ¶ 12(b)) -- the situs of Reliance Construction Ltd d/b/a RCG

_____

[2]For unknown reasons, the page numbering of Plaintiff's Memorandum in Support starts at 10 rather than 1. My citations refer to the original uncorrected numbers.

Group's principal place of business on November 19, 2008 does
indeed turn on the location of its business office at that time.
While defendants claim that at the time the action was commenced,
Reliance Construction Ltd d/b/a RCG Group's principal place of
business was in New York because its business office was located
at 145 Palisade Street in Dobbs Ferry, New York (Steenson Aff.
¶ 8; Defs.' Mem. in Support at 2, 5), plaintiff appears to claim
that Reliance Construction Ltd d/b/a RCG Group's principal place
of business was in New Jersey, or, alternatively, Canada (Compl.
¶ 2; Pl.'s Mem. in Opp. at 11-13; Gutman Aff. ¶¶ 3, 7, 16-18, 20,
26-28, 30, 32-34).

        Defendants assert the following facts concerning
Reliance Construction Ltd d/b/a RCG Group's principal place of
business.  Former Chief Operating Officer Paul A. Steenson states
in his affidavit that Reliance Construction Ltd d/b/a RCG Group
obtained authorization to do business in New Jersey on August 9,
2005, and in New York on or about June 15, 2007 (Steenson Aff.
¶¶ 11-12).[3]  Attached to his affidavit are (1) a Certificate of
Authority from the New Jersey Department of Treasury authorizing
Reliance Construction Ltd to do business in New Jersey, dated

_____

        [3]Plaintiff claims that in his affidavit Steenson "uses the
letters 'RCG', as an acronym to lump all of these entities
[presumably, the two defendant companies] into one" and contends
that this makes Steenson's affidavit "useless" (Gutman Aff. ¶ 4).
However, the Steenson affidavit clearly defines the abbreviation
"RCG" as referring to "Reliance Construction Ltd." (Steenson Aff.
¶¶ 1, 10, 12; see Lambert Aff. ¶ 12(a)).

August 9, 2005 (New Jersey Certificate of Authority for Reliance
Construction Ltd, dated August 9, 2005, attached to Steenson Aff.
as Ex. E), and (2) a printout from the website of the New York
State Department of State, Department of Corporations detailing
"Entity Information" for "Reliance Construction Ltd." and
indicating an "Initial DOS Filing Date" of June 15, 2007 (New
York Entity Information for "Reliance Construction Ltd.,"
attached to Steenson Aff. as Ex. C).

        Steenson further states that between 2007 and May 2008,
Reliance Construction Ltd d/b/a RCG Group's only business office
was located at Morris Corporate Center, 300 Interpace Parkway,
Parsippany, New Jersey and that all of the company's business was
conducted from that office (Steenson Aff. ¶¶ 15-16).  He states
that in May 2008, Reliance Construction Ltd d/b/a RCG Group
closed its Parsippany, New Jersey office and reopened its
business office at 145 Palisade Street, Dobbs Ferry, New York
10522 (Steenson Aff. ¶¶ 17-18).  As evidence of these facts
Steenson submits (1) a final invoice issued by Morris Corporate
Center at 300 Interpace Parkway in Parsippany, New Jersey to "RCG
Group," dated June 1, 2008 and indicating "Tenant Termination" on
May 21, 2008 (Invoice from Morris Corporate Center, 300 Interpace
Parkway, Parsippany, NJ, 07054, dated June 1 2008, attached to
Steenson Aff. as Ex. F ("Parsippany, New Jersey Final Invoice"))
and (2) a commercial lease between "Reliance Construction Company

Group" and Commerce and Industry LLC for premises at 145 Palisade Street, Suite #334, in Dobbs Ferry, New York, executed on May 1, 2008 and indicating a lease start date of May 1, 2008 (Commercial Lease between Commerce and Industry LLC and Reliance Construction Company Group for Dobbs Ferry, New York premises, executed May 1, 2008, attached to Steenson Aff. as Ex. G ("Dobbs Ferry, New York Lease")).  According to Steenson, the Dobbs Ferry, New York office was Reliance Construction Ltd d/b/a RCG Group's exclusive business office from May 2008 until December 2008, when the company ceased doing business (Steenson Aff. ¶¶ 19-21). Defendants state that after closing its New York office and terminating all business operations, Reliance Construction Ltd d/b/a RCG Group began renting a post office box in Summit, New Jersey to receive mail (Steenson Aff. ¶¶ 21-22).

        Plaintiff makes several assertions, some purportedly supported by documentary evidence, which it contends establish that Reliance Construction Ltd d/b/a RCG Group is not or was not a citizen of New York as of the date the action was commenced. Plaintiff claims that on a certificate of assumed name the company indicated that it had no New York State business location and provided a Canadian mailing address (Gutman Aff. ¶¶ 3, 17-19); notes that in complaints it filed in other matters in New York County Supreme Court, Reliance Construction Ltd d/b/a RCG Group listed a Parsippany, New Jersey address, and in one case,

listed 300 Interpace Parkway, Parsippany, New Jersey as its
principal place of business (Gutman Aff. ¶¶ 26-27); states that
on a notice of mechanics lien the principal place of business for
"RCG Group, Inc.," the lienor, is listed as 300 Interpace
Parkway, Parsippany, New Jersey (Gutman Aff. ¶ 28); claims that
annual franchise tax reports filed by the company list Canadian
and New Jersey addresses for the company (Gutman Aff. ¶ 32-33);
claims that it received faxes from Reliance Construction Ltd
d/b/a RCG Group from a New Jersey fax number (Gutman Aff. ¶¶ 5,
7); claims that "RCG Group" is incorporated in and does most of
its business in Canada (Pl.'s Mem. in Opp. at 11); claims that
"RCG Group" was not a properly constituted New York company when
the action was commenced (Gutman Aff. ¶ 35); claims that "RCG
Group" was not authorized to do business in New York when it
undertook the construction project that is the subject of this
action (Gutman Aff. ¶ 35) or when this action was commenced
(Pl.'s Mem. in Opp. at 10, 13); claims that the website
www.relianceconstruction.com indicates that RCG Group is the
Canadian parent company of Reliance Construction of Canada
(Gutman Aff. ¶ 20) and notes that a collection of Canadian
business directories give the same Canadian address for Reliance
Construction of Canada Ltd, Construction Reliance du Canada ltée
and "Reliance Construction Group" (Gutman Aff. ¶ 34).

III.  Analysis

    A.  Local Rule 56.1
    ____    Submissions

        As an initial matter, defendants argue that their
summary judgment motion should be granted because of plaintiff's
failure to submit a counter-statement of material facts pursuant
to Local Rule 56.1 (Defendants' Reply Memorandum of Law in
Support of Motion for Summary Judgment Dismissing Plaintiff's
Complaint at 1; Lambert Aff. ¶ 3).

        Local Civil Rule 56.1 provides that:

        (a) Upon any motion for summary judgment pursuant
        to Rule 56 of the Federal Rules of Civil Procedure,
        there shall be annexed to the notice of motion a
        separate, short and concise statement, in numbered
        paragraphs, of the material facts as to which the
        moving party contends there is no genuine issue to be
        tried.  Failure to submit such a statement may
        constitute grounds for denial of the motion.

        (b) The papers opposing a motion for summary
        judgment shall include a correspondingly numbered
        paragraph responding to each numbered paragraph in the
        statement of the moving party, and if necessary,
        additional paragraphs containing a separate, short and
        concise statement of additional material facts as to
        which it is contended that there exists a genuine issue
        to be tried.

        (c) Each numbered paragraph in the statement of
        material facts set forth in the statement required to
        be served by the moving party will be deemed to be
        admitted for purposes of the motion unless specifically
        controverted by a correspondingly numbered paragraph in
        the statement required to be served by the opposing
        party.

        (d) Each statement by the movant or opponent
        pursuant to Rule 56.1(a) and (b), including each

statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e).

Plaintiff did ultimately submit a Rule 56.1 statement which, although undated, appears to have been filed on May 25, 2009, two weeks after plaintiff filed its memorandum in opposition (also undated) and six days after defendants filed their reply submission (Plaintiff's Statement Pursuant to Rule 56.1 ("Pl.'s Rule 56.1 Statement")).  In addition to being untimely, plaintiff's statement fails to support its factual assertions with citations to admissible evidence as Rule 56.1(d) requires (Pl.'s Rule 56.1 Statement).

Plaintiff's "failure to comply with Local Rule 56.1 is grounds for deeming admitted the facts contained in defendants' Rule 56.1 statement" and granting defendants' motion.  Prunella v. Carlshire Tenants, Inc., 94 F. Supp. 2d 512, 513 n.1 (S.D.N.Y. 2000) (Conner, D.J.); Watt v. N.Y. Botanical Garden, No. 98 Civ. 1095 (BSJ), 2000 WL 193626 at *1 n.1 (S.D.N.Y. Feb. 16, 2000) (Jones, D.J.).  "A district court[, however,] has broad discretion to determine whether to overlook a party's failure to comply with local court rules," and, thus, "may . . . opt to conduct an assiduous review of the record" even when a party has not complied with Rule 56.1.  Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) (internal quotation marks omitted); accord Monahan v. New York City Dep't. of Corr., 214 F.3d 275,

10

292 (2d Cir. 2000); Balut v. Loral Elec. Sys., 988 F. Supp. 339, 343 (S.D.N.Y. 1997) (Conner, D.J.) (court "may overlook the 'technical deficiency' of a party's submission"), aff'd, 166 F.3d 1199, 1998 WL 887194 (2d Cir. 1998); Abu-Nassar v. Elders Futures, Inc., 88 Civ. 7906 (PKL), 1994 WL 445638 at *5 (S.D.N.Y. Aug. 17, 1994) (Leisure, D.J.) (striking of an untimely 3(g) (predecessor to Rule 56.1) statement is discretionary).

        In order to resolve this matter on the merits rather than on the basis of a procedural technicality, I exercise this discretion to "overlook" the deficiencies in plaintiff's Rule 56.1 statement and have reviewed the record independently. See Am. Med. Ass'n v. United HealthCare Corp., No. 00 Civ. 2800 (LMM), 2007 WL 1771498 at *3 (S.D.N.Y. June 18, 2007) (McKenna, D.J.) (conducting review of the record "to fill . . . gaps" resulting from plaintiffs' failure to file a 56.1 counter-statement in response to defendants' 56.1 statement); Doe v. Nat'l Bd. of Podiatric Med. Exam'rs, No. 03 Civ. 4034 (RWS), 2005 WL 352137 at *2 n.4 (S.D.N.Y. Feb. 15, 2005) (Sweet, D.J.) (overlooking parties' failure to comply with Local Rule 56.1(d) where record was "relatively compact"); Cello Holdings, L.L.C. v. Lawrence-Dahl Cos., 89 F. Supp. 2d 464, 469 (S.D.N.Y. 2000) (Chin, D.J.) (accepting defendants' untimely Rule 56.1 statement, despite late submission); Watt v. N.Y. Botanical Garden, supra, 2000 WL 193626 at *1 n.1 (conducting a review of the record despite procedural deficiencies in plaintiff's Rule 56.1

11

statement which would have allowed the court to grant defendant's summary judgment motion "swiftly"); Citibank N.A. v. Outdoor Resorts of Am., Inc., No. 91 Civ. 1407 (MBM), 1992 WL 162926 at *4 (S.D.N.Y. June 29, 1992) (Mukasey, D.J.) (declining to grant summary judgment based on non-moving party's failure to submit a Rule 56.1 statement).[4] Ultimately, my decision to overlook the procedural defects in plaintiff's Rule 56.1 statement and review the submissions independently does not change the outcome; I recommend that defendants' summary judgment motion be granted on the merits. See Local Union No. 38 v. Hollywood Heating & Cooling, Inc., 88 F. Supp. 2d 246, 247 n.1 (S.D.N.Y. 2000) (McMahon, D.J.) (declining to deem movant's Rule 56.1 statement admitted where non-moving party submitted its Rule 56.1 statement nearly two months late, because there were other grounds on which to grant the movant's summary judgment motion).

B.   Applicable Standards

1.   Summary Judgment

The standards applicable to a motion for summary

---

[4]The deficiencies in plaintiff's counter-statement do not relieve defendants from "adduc[ing] admissible evidence in the record to support the factual assertions contained in [their] Rule 56.1 Statement, as [plaintiff] 'is not required to rebut an insufficient showing.'" NAACP Legal Def. & Educ. Fund, Inc. v. U.S. Dep't of Hous. & Urban Dev., No. 07 Civ. 3378 (GEL), 2007 WL 4233008 at *1 n.1 (S.D.N.Y. Nov. 30, 2007) (Lynch, D.J.), quoting Giannullo v. City of New York, 322 F.3d 139, 141 (2d Cir. 2003).

judgment are well-settled and require only brief review.

> Summary judgment shall be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  This form of relief is appropriate when, after discovery, the party -- here plaintiff -- against whom summary judgment is sought, has not shown that evidence of an essential element of [its] case -- one on which [it] has the burden of proof -- exists.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  This form of remedy is inappropriate when the issue to be resolved is both genuine and related to a disputed material fact.  An alleged factual dispute regarding immaterial or minor facts between the parties will not defeat an otherwise properly supported motion for summary judgment.  See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).  Moreover, the existence of a mere scintilla of evidence in support of nonmovant's position is insufficient to defeat the motion; there must be evidence on which a jury could reasonably find for the nonmovant.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
>
> If the movant demonstrates an absence of a genuine issue of material fact, a limited burden of production shifts to the nonmovant, who must "demonstrate more than some metaphysical doubt as to the material facts," and come forward with "specific facts showing that there is a genuine issue for trial." Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993).  If the nonmovant fails to meet this burden, summary judgment will be granted against it.  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d Cir. 2004); accord Cordiano v. Metacon Gun Club, Inc., 575 F.3d 199, 204 (2d Cir. 2009), citing Celotex Corp. v. Catrett, supra, 477 U.S. at 322-23; Rubens v. Mason, 527 F.3d 252, 254 (2d Cir. 2008); Jeffreys v. City of New York, 426 F.3d 549, 553-54 (2d Cir. 2005).

"In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy [its] burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." Vann v. City of New York, 72 F.3d 1040, 1048 (2d Cir. 1995). "A defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." Allen v. Cuomo, 100 F.3d 253, 258 (2d Cir. 1996).

"In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant . . . . Stated more succinctly, '[t]he evidence of the non-movant is to be believed.'" Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 253-54 (2d Cir. 2002), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); accord Jeffreys v. City of New York, supra, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (internal quotation marks omitted); see also Make the Road by Walking, Inc. v. Turner, 378 F.3d 133, 142 (2d Cir. 2004); Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).

"Material facts are those which 'might affect the outcome of the suit under the governing law,' and a dispute is

14

'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Coppola v. Bear Stearns & Co., 499 F.3d 144, 148 (2d Cir. 2007), quoting Anderson v. Liberty Lobby, Inc., supra, 477 U.S. at 248; accord McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007). "'[I]n ruling on a motion for summary judgment, a judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented[.]'" Cine SK8, Inc. v. Town of Henrietta, 507 F.3d 778, 788 (2d Cir. 2007), quoting Readco, Inc. v. Marine Midland Bank, 81 F.3d 295, 298 (2d Cir. 1996).

      2.   Subject Matter
          Jurisdiction

     Federal district courts are "courts of limited jurisdiction"; a federal court's jurisdiction to hear a case must be conferred either by the Constitution or by statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  28 U.S.C. § 1332(a)(1) grants federal district courts "original jurisdiction" to hear state law claims between citizens of different states where the amount in controversy exceeds $75,000. Though not mandated by the Constitution or the statute's text, Section 1332(a)(1) has been interpreted to require "complete diversity," i.e., no plaintiff in an action may be a citizen of

15

the same state as any defendant in that action.  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553-54 (2005), citing Strawbridge v. Curtiss, 7 U.S. 267, 267-68 (1806) and State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530-31 (1967); Schiavone Const. Co. v. City of New York, 99 F.3d 546, 547 (2d Cir. 1996).  "Therefore, in a case with multiple defendants, if a single defendant is from the same state as the plaintiff, the district court loses diversity jurisdiction over the entire action." Phoenix Four, Inc. v. Strategic Res. Corp., 446 F. Supp. 2d 205, 212 (S.D.N.Y. 2006) (Baer, D.J.).  The Supreme Court has held that whether the requirement of complete diversity has been met is to be determined based on the parties' citizenship at the time the action is commenced.  Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991); see Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999).

For purposes of diversity jurisdiction, a corporation is considered a citizen of any state in which it is incorporated as well as the state where it has its principal place of business.  28 U.S.C. § 1332(c); Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002); R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 654 (2d Cir. 1979); Felipe v. Target Corp., 572 F. Supp. 2d 455, 458 (S.D.N.Y. 2008) (Holwell, D.J.); Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F. Supp. 2d at 213.

16

"The Second Circuit recognizes two different tests for
determining the location of a corporation's principal place of
business:  (1) the 'nerve center' test; and (2) the 'public
impact' or 'place of operations' test."  Frisone v. Pepsico,
Inc., 369 F. Supp. 2d 464, 470 (S.D.N.Y. 2005) (Conner, D.J.);
accord Felipe v. Target Corp., supra, 572 F. Supp. 2d at 460;
Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F. Supp.
2d at 214; Krauth v. Executive Telecard, Ltd., 887 F. Supp. 641,
646-47 (S.D.N.Y. 1995) (Sweet, D.J.).  "The choice of which test
to apply depends on the structure and nature of the corporation."
Augienello v. F.D.I.C., 310 F. Supp. 2d 582, 590 (S.D.N.Y. 2004)
(Sweet, D.J.); accord Krauth v. Executive Telecard, Ltd., supra,
887 F. Supp. at 646.

"Where a corporation's activities are decentralized and
spread across numerous states, courts apply what is known as the
'nerve center' test to determine a corporation's principal place
of business.  Under that test, courts focus on those factors that
identify the place where the corporation's overall policy
originates."  Augienello v. F.D.I.C., supra, 310 F. Supp. 2d at
590; accord R.G. Barry Corp. v. Mushroom Makers, Inc., supra, 612
F.2d at 655; Felipe v. Target Corp., supra, 572 F. Supp. 2d at
460; Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F.
Supp. 2d at 214; Frisone v. Pepsico, Inc., supra, 369 F. Supp. 2d
at 470-71; Krauth v. Executive Telecard, Ltd., supra, 887 F.
Supp. at 646-47.  "In other words, the 'nerve center' test places

17

the principal place of business at the location of a company's headquarters." Frisone v. Pepsico, Inc., supra, 369 F. Supp. 2d at 471 (internal quotation marks and citation omitted); Augienello v. F.D.I.C., supra, 310 F. Supp. 2d at 590.

"On the other hand, where a corporation is more centralized, courts apply the 'place of operations' or 'public impact' test," under which "a corporation's principal place of business is located in the state with which the corporation has its most extensive contacts with, or its greatest impact on the general public." Frisone v. Pepsico, Inc., supra, 369 F. Supp. 2d at 471 (internal citations omitted); accord R.G. Barry Corp. v. Mushroom Makers, Inc., supra, 612 F.2d at 655; Felipe v. Target Corp., supra, 572 F. Supp. 2d at 460; Augienello v. F.D.I.C., supra, 310 F. Supp. 2d at 590-91.  This test is appropriate where a corporation has "only a few places of business." Krauth v. Executive Telecard, Ltd., supra, 887 F. Supp. at 647, citing Inland Rubber Corp. v. Triple A Tire Serv. Inc., 220 F. Supp. 490 (S.D.N.Y. 1963) (Tyler, D.J.).  The inquiry focuses on where the corporation "conducts its principal operations." Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F. Supp. 2d at 214, citing R.G. Barry Corp. v. Mushroom Makers, Inc., supra, 612 F.2d at 655.

The issue of subject matter jurisdiction may be raised at any point in the litigation.  Fed.R.Civ.P. 12(h)(3); Chase Manhattan Bank, N.A. v. Aldridge, 906 F. Supp. 870, 872 (S.D.N.Y.

18

1995) (Koeltl, D.J.).  "The party asserting subject matter jurisdiction has the burden of proving, by a preponderance of the evidence, that such jurisdiction exists." Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F. Supp. 2d at 211-12; accord Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998); Frisone v. Pepsico, Inc., supra, 369 F. Supp. 2d at 469, 471-72; Augienello v. F.D.I.C., supra, 310 F. Supp. 2d at 587-88; see McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). "The court may decide the matter on the basis of affidavits or other evidence, and 'no presumptive truthfulness attaches to the complaint's jurisdictional allegations.'" Augienello v. F.D.I.C., supra, 310 F. Supp. 2d at 588 (internal citation omitted); Frisone v. Pepsico, Inc., supra, 369 F. Supp. 2d at 469-70; Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F. Supp. 2d at 212.  A party whose basis for subject matter jurisdiction is challenged must support its jurisdictional allegations with "competent proof." McNutt v. Gen. Motors Acceptance Corp. of Indiana, supra, 298 U.S. at 189; Linardos v. Fortuna, supra, 157 F.3d at 947.  The party asserting jurisdiction must go beyond merely refuting the assertion that the party in question is non-diverse; it must submit evidence affirmatively establishing that the party's principal place of business is in some other state.  See Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F. Supp. 2d at 216-17, 217 n.6.

19

C.   Defendants' Summary
     Judgment Motion

There is no dispute that Reliance Construction Ltd
d/b/a RCG Group was incorporated under the laws of Delaware.
Thus, the critical inquiry here is the location of its principal
place of business.

Although plaintiff mentions the "nerve center" test in
its submissions (Pl.'s Mem. in Opp. at 12-13), the "public
impact" or "place of operations" test is the more appropriate
test here because Reliance Construction Ltd d/b/a RCG Group is
not a "far-flung corporate enterprise," see R.G. Barry Corp. v.
Mushroom Makers, Inc., supra, 612 F.2d at 655, but rather appears
to conduct activities in, at most, two states.  See Peters v.
Timespan Commc'ns, Inc., No. 97 Civ. 8750 (DC), 1999 WL 135231 at
*6 (S.D.N.Y. Mar. 12, 1999) (Chin, D.J.) (applying place of
operations test because corporation only had offices in two
states); Frisone v. Pepsico, Inc., supra, 369 F. Supp. 2d at 471
(applying place of operations or public impact test where company
only had one office, even though "certain functions" may have
occurred in another state).  In any case, the choice of which
test to use bears little significance because under either, the
location of Reliance Construction Ltd d/b/a RCG Group's principal
place of business hinges on where the company maintained its
business office on November 19, 2008, the date on which this
action was commenced.  Reliance Construction Ltd d/b/a RCG

20

Group's only other activities were its construction projects,
which, according to the parties' submissions, were all carried
out in New York (see Compl. ¶¶ 7-8; Steenson Aff. ¶¶ 15, 20 (all
construction-site field offices located in New York between 2007
and December 2008); Gutman Aff. ¶¶ 5, 8; Lambert Aff. ¶ 12(b)).[5]
Thus, unless there is at least an issue of fact as to Reliance
Construction Ltd d/b/a RCG Group's having its principal place of
business in a state other than New York, defendants are entitled
to summary judgment based on the absence of complete diversity.

Defendants submit documentary evidence which, if
believed, establishes that Reliance Construction Ltd d/b/a RCG
Group's only business office in November 2008 was located in
Dobbs Ferry, New York.  Most significantly, defendants submit a
sworn affidavit from the company's former Chief Operating Officer
stating, based on his personal knowledge, that the Dobbs Ferry
office was Reliance Construction Ltd d/b/a RCG Group's exclusive
business office between May and December 2008.  The affidavit is
accompanied by a commercial lease indicating that the company
occupied office premises at 145 Palisades Street, Suite #334, in

---

[5]Plaintiff does assert at one point in its memorandum that
the New York City-based construction project at issue in this
action was insubstantial "in comparison to the projects
undertaken in the principally Canadian business of RCG Group"
(Pl.'s Mem. in Opp. at 12) -- but does not give any indication of
the number, nature, or actual location of the other projects it
refers to, nor does it offer any evidence to support this
assertion.

21

Dobbs Ferry, New York starting in May 2008[6] (Steenson Aff. ¶¶ 1,
19-21; Dobbs Ferry, New York Lease).  Defendants also submit a
final rent invoice from Reliance Construction Ltd d/b/a RCG
Group's former Parsippany, New Jersey office location, indicating
a termination date of May 21, 2008 (Parsippany, New Jersey Final
Invoice).

        Because defendants have offered admissible evidence
affirmatively establishing that Reliance Construction Ltd d/b/a
RCG Group's principal place of business was in New York on
November 19, 2008 and, thus, that complete diversity did not
exist at the time the action was commenced, a limited burden of
production now shifts to plaintiff to come forward with "specific
facts showing that there is a genuine issue for trial."
Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)
(internal quotation marks and citations omitted).  Although
plaintiff disputes defendants' evidence vigorously and submits an
abundance of exhibits, plaintiff fails to present any admissible
evidence that controverts defendants' assertion that Reliance

_____

        [6]Plaintiff challenges defendants' reliance on the lease,
noting that while Steenson claims the premises covered by the
lease were the offices of Reliance Construction Ltd d/b/a RCG
Group, the lease uses the names "Reliance Construction Company
Group" (in the introductory paragraph) and "Reliance Construction
Company" (in the execution) rather than "RCG Group" (Gutman Aff.
¶ 22-24).  However, Steenson noted in his affidavit that Reliance
Construction Ltd d/b/a RCG Group is also known as "Reliance
Construction Group" (Steenson Aff. ¶ 1), and plaintiff itself
alleged in the complaint that Reliance Construction Ltd trades
under the names "RCG Group" and "RCG Construction Group" (Compl.
¶ 3).

Construction Ltd d/b/a RCG Group's only business office on November 19, 2008 was located in Dobbs Ferry, New York.

The only affidavit plaintiff submits is that of its attorney, S. Mac Gutman, Esq., who claims no personal knowledge of the facts relevant to Reliance Construction Ltd d/b/a RCG Group's principal place of business on November 19, 2008. Because "an attorney's affidavit that is not based upon personal knowledge or supported by admissible evidence is insufficient to defeat a summary judgment motion," Gutman's conclusory allegations are insufficient to create a genuine issue of fact. Goldberg v. Colonial Metal Spinning & Stamping Co., No. 91 Civ. 3721 (JFK), 1994 WL 510037 (S.D.N.Y. Sept. 16, 1994) (Keenan, D.J.); accord Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986); ("Attorneys' affidavits not based upon personal knowledge have been held not to comply with Rule 56(e)."); Beyah v. Coughlin, 789 F.2d 986, 989-90 (2d Cir. 1986) (it was improper for court to rely on affidavits of attorney without personal knowledge in granting summary judgment).

Plaintiff submits several pieces of documentary evidence which it contends establish that Reliance Construction Ltd d/b/a RCG Group is or was a citizen of either New Jersey or Canada, but which relate to a time period other than November 2008. First, plaintiff submits a certificate of assumed name which was filed in the New York State Department of State on January 27, 2009 and which lists "RCG Group" as the assumed name

23

of Reliance Construction Ltd, noting that the company indicated on the form that it had no New York State business location and provided a Canadian address under the section of the form for "Principal Place of Business in New York"[7] (Certificate of Assumed Name, filed January 27, 2009, attached Gutman Aff. as Ex. A; see Gutman Aff. ¶¶ 3, 17-19). Second, plaintiff submits complaints filed on behalf of Reliance Construction Ltd d/b/a RCG Group in other matters in New York State Supreme Court on May 2, 2008 and May 7, 2008 that list a Parsippany, New Jersey address for RCG Group -- one of which also identifies RCG Group's principal place of business as 300 Interpace Parkway, Parsippany, New Jersey (Complaint in Reliance Construction Ltd. d/b/a RCG Group v. East 51st Street Development Company, LLC, attached to Gutman Aff. as Ex. J, ¶ 1; Complaint in Reliance Construction Ltd. d/b/a RCG Group v. Kennelly, attached to Gutman Aff. as Ex. K., ¶ 1; Gutman Aff. ¶¶ 26-27). Third, plaintiff submits a notice of mechanics lien, dated March 19, 2008, which identifies "RCG Group, Inc." as the lienor and lists its principal place of business as "300 Interpace Parkway, Parsippany, NJ 07054" (Gutman

---

[7]Bryan Kaplan, who is the Assistant Secretary of Reliance Construction Ltd d/b/a RCG Group, has explained that he listed his own Canadian address as the business address on the certificate of assumed name because the company had no physical place of business after terminating operations in December 2008 and his address was the most convenient place for the company to receive mail (Declaration of Bryan Kaplan in Further Support of Defendants' Motion for Dismissal of the Complaint, sworn to May 15, 2009 ("Kaplan Decl.") ¶ 10).

Aff. ¶ 28; Notice Under Mechanics Lien Law, dated March 19, 2008, attached to Gutman Aff. as part of Ex. L).  Fourth, plaintiff submits an annual franchise tax report filed by Reliance Construction Ltd and dated February 13, 2007, which plaintiff claims lists a Canadian address for the company[8] (State of Delaware - Annual Franchise Tax Report, Reliance Construction Ltd., dated February 13, 2007, attached to Gutman Aff. as part of Ex. O; Gutman Aff. ¶ 32).  Fifth, plaintiff asserts that in the company's annual report to the Delaware Division of Corporations, filed January 1, 2008,[9] Reliance Construction Ltd lists its address as 300 Interpace Parkway, Parsippany, New Jersey (Gutman Aff. ¶ 33).  Sixth, plaintiff relies on several faxes, with dates between November 2007 and January 2008, which it received from "RCG Group" (Series of faxes from RCG Group, attached to Gutman Aff. as Ex. B ("Faxes from RCG Group"); Gutman Aff. ¶ 5), and notes that although the faxes list the company's contact information as 972 2nd Avenue, Tel:  212-755-7511, Fax:  212-755-

---

[8]Plaintiff misreads this document.  In fact, the document gives a Canadian address for Stephen Kaplan, the company's director, but not for the company itself, and lists the principal place of business for the company as being in "New Jersey" (February 13, 2007 Tax Report).

[9]Plaintiff does not actually submit any report dated January 1, 2008, but does submit a copy of "Reliance Construction Ltd's" annual franchise tax report dated January 25, 2008, which lists the company's principal place of business as 300 Interpace Parkway, Parsippany, New Jersey 07054 (State of Delaware - Annual Franchise Tax Report, Reliance Construction Ltd., dated January 25, 2008, attached to Gutman Aff. as part of Ex. O).

7515, they appear to originate from a fax machine located in the 973 New Jersey area code[10] (Faxes from RCG Group; Gutman Aff. ¶¶ 6-7).

None of these assertions or submissions pertain to the location of Reliance Construction Ltd d/b/a RCG Group's business office in November 2008 and, thus, all are irrelevant to the company's principal place of business at the time this action was commenced.  To the extent they establish that Reliance Construction Ltd d/b/a RCG Group was located in New Jersey in early May 2008 and before, plaintiffs' contentions are entirely consistent with the admissible evidence defendants have submitted establishing that Reliance Construction Ltd d/b/a RCG Group maintained its business office in New York for a discrete eight-month period ending in December 2008 but encompassing November 19, 2008 (Steenson Aff. ¶¶ 17-21; Parsippany, New Jersey Final Invoice).  Accordingly, none of these assertions creates a genuine issue of material fact as to Reliance Construction Ltd d/b/a RCG Group's New York citizenship at the time the action was commenced.

Plaintiff makes various additional contentions regarding Reliance Construction Ltd d/b/a RCG Group's principal

---

[10]Defendants explain that the faxes originated from Reliance Construction Ltd d/b/a RCG Group's then-current New Jersey business office, and that the New York City contact information listed corresponded to the company's "construction-site field office" for the construction project at issue in this action (Lambert Aff. ¶ 12(b)).

26

place of business.  Attempting to distinguish between "RCG Group"
and "Reliance Construction Ltd.," plaintiff makes general
allegations that "RCG Group" actually has its principal place of
business in Canada.  It states that the documentary evidence
shows that RCG Group is a Canadian company that "does
substantially all of its business in Canada, and directs the
operations of its enterprises from its offices in Montreal"
(Pl.'s Mem. in Opp. at 11).  However, plaintiff submits no
admissible evidence, either by way of affidavit based on first-
hand knowledge or authenticated documents, showing that "RCG
Group's" business was concentrated in Canada or that it ever
directed its operations from an office in Montreal.  Plaintiff
also asserts that while Reliance Construction Ltd is incorporated
in Delaware, RCG Group is incorporated in Canada -- but submits
no evidence related to RCG Group's place of incorporation (Pl.'s
Mem. in Opp. at 11; see Compl. at ¶ 2; Gutman Aff. ¶ 31; State of
Delaware, Secretary of State, Certificate of Incorporation of
Reliance Construction Ltd., dated July 11, 1996, attached to
Gutman Aff. as part of Ex. O).  Further, even if plaintiff could
establish that Reliance Construction Ltd d/b/a RCG Group were
incorporated in Canada rather than Delaware, this would do
nothing to create an issue of material fact as to whether the
company's principal place of business was in New York at the time
this action was commenced.

          Plaintiff also claims that "RCG Group" was not

authorized to do business in New York either at the time of the
construction project at issue in this action or at the time the
action was commenced (Gutman Aff. ¶¶ 29, 35; Pl.'s Mem. in Opp.
at 10, 13; see New York Entity Information for RCG Group LLC.,
attached to Gutman Aff. as Ex. M ("New York Entity Information
for RCG Group LLC.")).  Plaintiff asserts that the only company
registered under the name "RCG Group" in New York is "RCG Group
LLC," which, it claims, is not related to the companies involved
in this case (Gutman Aff. ¶ 29; see New York Entity Information
for RCG Group LLC.).  Plaintiff states that, by contrast, "New
Jersey reports . . . that on March 16, 2008, seven months before
this action was filed, New Jersey suspended the privileges of an
entity known as 'RCG GROUP, LTD', which was an assumed name filed
August 8, 2005 by a Delaware corporation known as 'RELIANCE
CONSTRUCTION LTD'" (Gutman Aff. ¶ 30).  Again, plaintiff offers
no evidence in support of these assertions.  Nor does plaintiff
explain how a suspension of privileges by the state of New Jersey
in March 2008 relates to the issue of Reliance Construction Ltd
d/b/a RCG Group's alleged New York citizenship on November 19,
2008.  Even if RCG Group was an entity doing business in New
Jersey on March 16, 2008 (which, based on the uncontroverted
evidence submitted by defendants, appears to be accurate), this
fact does not make it more or less likely that its principal
place of business was in New York on November 19, 2008.  Further,
with regard to plaintiff's contention concerning RCG Group's

authorization to do business, if the company's only construction projects were located in New York at the time the action was commenced and if its business office was also located in New York at the time, as defendants have demonstrated with admissible evidence, its principal place of business would still be New York even if it somehow were not officially authorized to do business there.

Plaintiff also submits printouts from various portions of the website www.relianceconstruction.com[11] and claims that this website shows that "RCG GROUP" is the Canadian parent of "RELIANCE CONSTRUCTION OF CANADA a/k/a Construction Reliance du Canada ltee" (Reliance Construction Group/RCG Group Website Printouts, dated April 28, 2009, attached to Gutman Aff. as Ex. G ("Reliance Construction Group/RCG Group Website"); Gutman Aff. ¶ 20). The website lists two Canadian addresses for Reliance Construction Group at the top of the contact information page and lists one New Jersey address (a P.O. box) for RCG Group below the Reliance Construction Group addresses (Reliance Construction Group/RCG Group Website). Again, however, the use of a New Jersey post office box as the address for RCG Group six months after the commencement of the action is consistent with Reliance

---

[11]Plaintiff asserts this is RCG Group's website, but it appears to be primarily the website of the Canadian Reliance Construction Group (see Reliance Construction Group / RCG Group Website Printouts, dated April 28, 2009, attached to Gutman Aff. as Ex. G.).

Construction Ltd d/b/a RCG Group's New York citizenship on
November 19, 2008 and with the evidence submitted by defendants
establishing that Reliance Construction Ltd d/b/a RCG Group set
up a post office box in New Jersey after terminating business
operations in December 2008.  Accordingly, this evidence does
nothing to create a genuine issue of material fact.  Further,
contrary to plaintiff's assertion, the printout contains no
indication that RCG Group is a parent company of Reliance
Construction of Canada[12] (Reliance Construction Group / RCG Group
Website).  Even if RCG Group were Reliance Construction of
Canada's parent, this fact alone would not have any implications
for RCG Group's citizenship, as "in all but exceptional
circumstances, the principal place of business of a corporation
for purposes of 28 U.S.C. § 1332(c)(1) is determined without
reference to the business of parent corporations or subsidiary
corporations." Hungarian Broad. Corp. v. Coleman and Co. Sec.,
Inc., 96 Civ. 0048 (PKL), 96 Civ. 0724 (PKL), 1996 WL 374173 at
*1 (S.D.N.Y. July 2, 1996) (Leisure, D.J.); see Frisone v.
Pepsico, Inc., supra, 369 F. Supp. 2d at 472.

         Finally, plaintiff attaches printouts from three online
business directories which, in combination, list Reliance

--------

[12]Defendants' Rule 7.1 statement certifies that Tasbri
Holdings Ltd. is the corporate parent of both defendant Reliance
Construction of Canada a/k/a Construction Reliance du Canada ltee
and defendant Reliance Construction Ltd d/b/a RCG Group
(Defendants' Rule 7.1 Statement, see Kaplan Decl. ¶ 3).

Construction of Canada Ltd, Construction Reliance du Canada Ltée
and Reliance Construction Group as all having the same Montreal
address (Printouts from Canadian YellowPages, Canpages and Daily
Commercial News and Construction Record, attached to Gutman Aff.
as Ex. P ("Business Directory Printouts"); Gutman Aff. ¶ 34).
Although all of the printouts are from April 2009, one listing,
for "Reliance Construction Of Canada Ltd," also contains an
archived entry for "Reliance Construction Group" dated December
1, 2008 and giving the same Montreal address that is listed for
the other companies (Business Directory Printouts; Gutman Aff.
¶ 34).  Despite defendants' statement, discussed above, that
Reliance Construction Ltd d/b/a RCG Group has also been called
"Reliance Construction Group" (Steenson Aff. ¶ 1), it is clear
that the business directory listing plaintiff submits refers to a
different entity, as it lists the incorporation date as 1968, not
the 1996 date reflected in Reliance Construction Ltd d/b/a RCG
Group's certificate of incorporation (see Delaware Certificate of
Incorporation).  See Frisone v. Pepsico, Inc., supra, 369 F.
Supp. 2d at 472 ("a separately incorporated entity
is . . . considered to have its own principal place of business")
(internal quotations and citations omitted).  A business listing
containing a Montreal address for a company called "Reliance
Construction Group" but incorporated in 1968 does not
"demonstrate more than some metaphysical doubt as to the material
facts." Powell v. Nat'l Bd. of Med. Exam'rs, 364 F.3d 79, 84 (2d

Cir. 2004), citing Aslanidis v. U.S. Lines, Inc., supra, 7 F.3d at 1072.

Thus, each of plaintiff's contentions pertains to the wrong time period, concerns a different company, lacks support in admissible evidence, and/or is otherwise irrelevant to whether Reliance Construction Ltd d/b/a RCG Group's principal place of business was in New York at the time the action was commenced. Plaintiff submits no competent evidence to controvert defendants' assertion, which defendants support with admissible evidence, that Reliance Construction Ltd d/b/a RCG Group's principal place of business was in New York at the time the action was commenced. More importantly, plaintiff fails to present any affirmative evidence that Reliance Construction Ltd d/b/a RCG Group had its principal place of business in a state other than New York at the time the action was commenced. See Phoenix Four, Inc. v. Strategic Res. Corp., supra, 446 F. Supp. 2d at 216-17, 217 n.6. Without such evidence, plaintiff is unable to establish a genuine issue of material fact as to Reliance Construction Ltd d/b/a RCG Group's citizenship at the time the action was filed.

Based on a thorough review of the record, I conclude that there is no genuine issue of fact that Reliance Construction Ltd d/b/a RCG Group's principal place of business in November 2008 was in New York and it was, therefore, a citizen of New York at the time the action was filed. Because plaintiff was also a citizen of New York at the time the action was filed, 28 U.S.C.

§ 1332(a)(1) does not provide subject matter jurisdiction over this case.

IV.   Conclusion

        Accordingly, for all the foregoing reasons, I respectfully recommend that defendants' motion be granted and that the action be dismissed for lack of subject matter jurisdiction.

V.   Objections

        Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report to file written objections.  See also Fed.R.Civ.P. 6(a).  Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Leonard B. Sand, United States District Judge, 500 Pearl Street, Room 1650, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Sand.  FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.

33

1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054

(2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.

1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir.

1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated:   New York, New York
         February 8, 2010

                              Respectfully submitted,


                              HENRY PITMAN
                              United States Magistrate Judge


Copies mailed to:

Mac S. Gutman, Esq.
Gutman & Gutman
33 Main Street
Port Washington, New York 11050

Richard J. Lambert, Esq.
Greenberg, Trager & Herbst, LLP
767 Third Avenue-12th Floor
New York, New York 10017