UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUGHES CONTRACTING INDUSTRIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> RELIANCE CONSTRUCTION OF CANADA a/k/a Construction Reliance du Canada ltee; RELIANCE CONSTRUCTION LTD d/b/a RCG GROUP, a/k/a/ RCG CONSTRUCTION GROUP; and STEVEN KAPLAN, <br><br> Defendants. | **MEMORANDUM <br> & ORDER** <br><br> 08 Civ. 10075 (LBS) (HBP) |

SAND, J.

On February 8, 2010, Magistrate Judge Pitman issued a report and recommendation ("Report") recommending that Defendants' motion for summary judgment dismissing this action for lack of subject matter jurisdiction be granted.  The Report concluded that Defendants had established the absence of a genuine issue of fact regarding the lack of complete diversity at the time the action was commenced.  (Report at 1.)  The Report advised that "[p]ursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of this Report to file written objections" and failure to object would result in a waiver of objections and preclude appellate review.  (Report at 33.)  To date, neither party has filed any objections.  For the reasons set forth below, the Court adopts the Report in its entirety.

    **I.**    **Standard of Review**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court may adopt

1

those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) ("If no objections are filed, or where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition,' reviewing courts should review a report and recommendation for clear error.").

**II.	Analysis**

The facts as set forth in the Report are incorporated herein by reference unless otherwise noted.  As a preliminary matter, Magistrate Judge Pitman properly exercised his discretion to "overlook" the deficiencies in Plaintiff's 56.1 statement in order to resolve the matter "on the merits rather than on the basis of a procedural technicality."  (Report at 10-11); *see Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."); *Watt v. New York Botanical Garden*, No. 98 Civ. 1095 (BSJ), 2001 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000) ("In light of the numerous deficiencies in Plaintiff's Local Rule 56.1 Statement, application of these rules to this action would have allowed the Court to swiftly grant the defendant's motion.  However, the Court did not rely solely on the 56.1 statements in this action and has made a thorough examination of the extensive record in this case in search of evidence in support of plaintiff's opposition.").

Defendants move for summary judgment dismissing the action for lack of subject matter jurisdiction.  Defendants allege that the instant action lacks complete diversity because Plaintiffs and Defendants Reliance Construction Ltd., doing business as RCG Group ("RCG Group"), are both citizens of New York.  28 U.S.C. § 1332(a).  Defendants provided affirmative evidence that

RCG Group's principal place of business at the time of filing was in New York, and it is a citizen of New York for the purposes of this action. (Report at 22.) *See* 28 U.S.C. § 1332(c); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 591 (2d Cir. 2002). The Report found that Plaintiff failed to provide any admissible evidence that demonstrated a genuine issue of fact as to whether RCG Group's principal place of business was in New York, or any affirmative evidence that RCG Group's principal place of business was located in a state other than New York. (Report at 32.)

Based on a thorough review of the record, Magistrate Judge Pitman properly concluded that no genuine issue of fact existed as to RCG Group's principal place of business at the time of filing, and, therefore, the instant action should be dismissed for lack of subject matter jurisdiction. *See Phoneix Four, Inc. v. Strategic Res. Corp.*, 446 F. Supp. 2d 205, 212 (S.D.N.Y. 2006) ("[I]n a case with multiple defendants, if a single defendant is from the same state as the plaintiff, the district court loses diversity jurisdiction over the entire action.").

### III. Conclusion

For the foregoing reasons, the Court adopts the Report in its entirety. Defendants' motion for summary judgment is granted and the above-captioned action is dismissed for lack of subject matter jurisdiction. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: July 27, 2010
New York, NY

_____
U.S.D.J.

3